

DA 10-0561

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 190N

IN THE MATTER OF THE ESTATE OF
STANLEY M. KNUDSON,

     Deceased.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DP 08-47
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        Thomas J. Sheehy, Brian Bekker; Sheehy Law Office Big Sandy, Montana
Anne Biby, Attorney at Law, Kalispell, Montana (Attorneys for Leslie
Knudson and Deborah Harman)

    For Appellee:

        Kevin C. Meek, Jordan Y. Crosby; Ugrin, Alexander, Zadick & Higgins,
P.C., Great Falls (Attorneys for Janet Knudson)

        Brian Lilletvedt, Attorney at Law, Havre, Montana (Attorney for Kyle
Austin)

        Submitted on Briefs:  July 27, 2011

               Decided:  August 9, 2011

Filed:

_____
                       Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Leslie Knudson and Deborah Harman challenged the validity of the will of their father Stanley M. Knudson on the ground that it was executed under the undue influence of their sister Janet Knudson and her son Kyle Austin. In July, 2010, following a four-day trial, the jury determined that the challenged will was not the product of undue influence. On August 5, 2010 the District Court entered judgment validating the will and admitting it to probate. Leslie and Deborah appeal. We affirm.

¶3    Stanley Knudson died in April, 2008. Stanley executed the will at issue on May 10, 2004, revoking a prior will executed in 2001. The 2004 will left the bulk of Stanley's estate to Janet and Kyle. Leslie and Deborah challenge the District Court's decisions to exclude evidence that Kyle made an offer to buy Stanley's farm in 2008 and evidence that Kyle and Janet had accused Stanley's companion Minnie Simko of improperly medicating him, also in 2008.

¶4    Both parties agree that a district court's broad discretion to determine whether evidence is relevant and admissible is reviewed for abuse of discretion. We have

2

reviewed the proffered evidence and the District Court's rulings and find that the District Court did not abuse its discretion by excluding the evidence.

¶5     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON